**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ALPHA ALPHA, LLC, a New Mexico limited
liability company, and Avalon Jubilee, LLC, a
New Mexico limited liability company,
     Plaintiffs,

v.                                No. 1:20-cv-00117-NF-KHR

LAND STRATEGIES, LLC, a Nevada limited
liability company, RONALD R. COBB, and
PETER GHISHAN,
     Defendants.

## AMENDED ANSWER TO COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT, BREACH OF PROMISSORY NOTE, and BREACH OF PERSONAL GUARANTY

**COME NOW**, Land Strategies, LLC, Peter Ghishan (in all capacities), and Ronald R. Cobb (as member of Land Strategies, LLC), by and through their attorneys Moses Dunn Farmer & Tuthill (Alicia L. Gutierrez, Esq.), and Ronald R. Cobb, individually, by and through his attorney SaucedoChavez, P.C. (Frank T. Apodaca, Esq.) (collectively referred to as "Defendants"), and hereby file this their Amended Answer to Complaint for Breach of Settlement Agreement, Breach of Promissory Note, and Breach of Personal Guaranty as follows:

1.     Defendants state that the Settlement Agreement speaks for itself.  As to the remaining allegations in this Paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, deny the same.

2.     Defendants state that the Settlement Agreement speaks for itself.

3.     Defendants admit that amounts owing under the Settlement Agreement have not yet been paid.  Defendants' efforts at making progress payments in exchange for a stay of this litigation have been rejected.

PARTIES, JURISDICTION and VENUE

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond.

10.     Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond.

11.     Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond.

Facts

12.     Defendants state that the Settlement Agreement speaks for itself.

13.     Defendants state that the Settlement Agreement speaks for itself.

14.     Defendants state that the Promissory Note speaks for itself.

15.     Defendants state that the Promissory Note speaks for itself.

16.     Defendants state that the Cobb Guaranty speaks for itself.

17.     Defendants state that the Cobb Guaranty speaks for itself.

18.     Defendants state that the Ghishan Guaranty speaks for itself.

19.     Defendants state that the Ghishan Guaranty speaks for itself.

## CLAIM I
### BREACH OF SETTLEMENT AGREEMENT, SECTION 3.2.1

20.     Defendants incorporate by reference its answers to each and every allegation set forth in paragraphs 1 through 19 as though fully stated herein.

21.     Defendants state that the Settlement Agreement speaks for itself.

22.     Defendants state that the Settlement Agreement speaks for itself.

23.     Defendants deny the allegations contained in this Paragraph.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, deny the same.

25.     Defendants admit that the invoices of Arete Engineering have not yet been paid.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, deny the same.

27.     Defendants admit that the Settlement Agreement contemplates payment of certain invoices by Defendants, and deny the remaining allegations contained in this Paragraph.

28.     Defendants deny the allegations contained in this Paragraph.

## CLAIM II
### BREACH OF SETTLEMENT AGREEMENT, SECTION 3.2.3

29.     Defendants incorporate by reference its answers to each and every allegation set forth in paragraphs 1 through 28 as though fully stated herein.

30.     Defendants state that the Settlement Agreement speaks for itself.

31.     Defendants state that the Settlement Agreement speaks for itself.

32.     Defendants admit that the Settlement Amount has not yet been paid.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, deny the same.

34.    Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond. To the extent that this Paragraph is construed to contain factual allegations, Defendants state that the Settlement Agreement speaks for itself.

35.    Defendants deny the allegations contained in this Paragraph.

CLAIM III
BREACH OF PROMISSORY NOTE

36.    Defendants incorporate by reference its answers to each and every allegation set forth in paragraphs 1 through 35 as though fully stated herein.

37.    Defendants state that the Promissory Note speaks for itself.

38.    Defendants admit that the Promissory Note has not yet been paid.

39.    Defendants admit that the Promissory Note has not yet been paid.

40.    Defendants state that Exhibit 5 speaks for itself.

41.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, deny the same.

42.    Defendants admit that the Promissory Note has not yet been paid and further state that the Promissory Note speaks for itself.

43.    Defendants state that the Promissory Note speaks for itself.

44.    Defendants state that the Promissory Note speaks for itself.

45.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, deny the same.

46.    Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond. To the extent that this Paragraph is construed to contain factual allegations, Defendants state that the Promissory Note speaks for itself.

47.    Defendants deny the allegations contained in this Paragraph.

## CLAIM IV
## PERSONAL GUARANTY, RONALD COBB

48.     Defendants incorporate by reference their answers to each and every allegation set forth in paragraphs 1 through 47 as though fully stated herein.

49.     Defendants state that the Cobb Guaranty speaks for itself.

50.     Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond.  To the extent that this Paragraph is construed to contain factual allegations, Defendants state that the Cobb Guaranty speaks for itself.

51.     Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond.  To the extent that this Paragraph is construed to contain factual allegations, Defendants state that the Cobb Guaranty speaks for itself.

52.     Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond.  To the extent that this Paragraph is construed to contain factual allegations, Defendants state that the Cobb Guaranty speaks for itself and Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, deny the same.

53.     Defendants deny the allegations contained in this Paragraph.

## CLAIM V
## PERSONAL GUARANTY, PETER GHISHAN

54.     Defendants incorporate by reference their answers to each and every allegation set forth in paragraphs 1 through 53 as though fully stated herein.

55.     Defendants state that the Ghishan Guaranty speaks for itself.

56.     Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond.  To the extent that this Paragraph is construed to contain factual allegations, Defendants state that the Ghishan Guaranty speaks for itself.

57.     Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond.  To the extent that this Paragraph is construed to contain factual allegations, Defendants state that the Ghishan Guaranty speaks for itself.

58.     Defendants state that this Paragraph states a proposition of law for which no response is required and to which Defendants do not respond.  To the extent that this Paragraph is construed to contain factual allegations, Defendants state that the Ghishan Guaranty speaks for itself and Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, deny the same.

59.     Defendants deny the allegations contained in this Paragraph.

**GENERAL DENIAL**

All allegations in the Complaint not specifically admitted herein are denied.

**AFFIRMATIVE DEFENSES**

1.     Defendants state that to the extent that Plaintiffs have suffered any damages, Plaintiffs have failed to mitigate their damages.

2.     Defendants state that they specifically deny acting with any willfulness or malice towards Plaintiffs.

3.     Defendants state that to the extent that Plaintiffs' Complaint seeks punitive damages, they further invoke their rights under the due process clause of the Fifth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution and under Article II, Section 18 of the New Mexico Constitution.

Defendants affirmatively plead that Plaintiffs' pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments, and the New Mexico Constitution.

4.     Defendants state that they have not knowingly or intentionally waived any applicable affirmative defense as set forth in SCRA 1986, Rule 1-008, and that they reserve the right to assert and rely upon such other defenses as may become available or apparent as this matter proceeds.

WHEREFORE, Defendants respectfully request Plaintiffs' Complaint be dismissed with prejudice or, in the alternative, that judgment be rendered in Defendants' favor, that they recover their costs and attorney's fees expended herein, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

SAUCEDOCHAVEZ, P.C.

By:  */s/ Frank T. Apodaca*
        Frank T. Apodaca
P.O. Box 30046
Albuquerque, NM  87190
(505) 338-3945
fapodaca@saucedochavcez.com
*Attorneys for Defendant Ronald R. Cobb*

MOSES DUNN FARMER & TUTHILL

By:  */s/ Alicia L. Gutierrez*
        Alicia L. Gutierrez
P.O. Box 27047
Albuquerque, NM 87125-7047
(505) 843-9440
alicia@moseslaw.com
*Attorneys for Defendant Land Strategies, LLC, and Defendant Peter Ghishan*

7

I HEREBY CERTIFY that on March 6, 2020,
the foregoing was filed electronically through
the CM/ECF system, which caused all parties and
counsel to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

*/s/ Frank T. Apodaca*
Frank T. Apodaca, Esq.