IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALPHA ALPHA, LLC, a New Mexico
limited liability company, and
AVALON JUBILEE, LLC, a New Mexico
limited liability company

       Plaintiffs,

v.                                  No. 1:20-cv-00117-NF-KHR

LAND STRATEGIES, LLC, a Nevada
limited liability company, RONALD R. COBB,
and PETER GHISHAN,

       Defendants,

===================================================

## MOTION FOR JUDGEMENT ON THE PLEADINGS

===================================================

Plaintiffs, through their undersigned attorney, for their motion for judgment on the pleadings, respectfully state:

On 4/27/2020, the undersigned attorney emailed counsel for Defendants requesting stipulation to the relief requested herein.  To date, no response has been received.

The essential facts are uncontroverted, and the issues in this case are issues of law.  Therefore judgment may be entered without any need for further proceedings.  *See* Fed. R. Civ. P. 12(c); *W. Commerce Bank v. Reliance Ins. Co.*, 1987-NMSC-009, ¶ 3, 105 N.M. 346.  Alternatively, if facts outside the pleadings are

considered in the response or reply, this motion may be treated as a motion for summary judgment under Fed. R. Civ. P. 56 standard. *See* Rule 12(d).

## I.   Facts

The following allegations are not disputed in Defendants' Amended Answer to the Complaint, Document 8.

1. The parties entered a Settlement Agreement. *See* Doc 1. Complaint ¶¶ 1-3; Doc 8, ¶¶ 1-3; Documents 1-1 through 1-4.

2. The Settlement Agreement included a Promissory Note payable by Defendants and Personal Guarantees by Defendant Cobb and Defendant Ghishan. Doc. 1-1, § 3.2.2[1]

3. The principal balance of the Note is $425,000. *See* Doc 1 Complaint ¶¶ 12-15; Doc 8, Amended Answer ¶¶ 12-15; Doc 1-1, Settlement Agreement; Doc 1-2, Promissory Note.

4. Defendants breached the Note and Guarantees and have not paid any amount to Plaintiff. *See* Doc 1, ¶ 39; Doc 8, ¶ 39.

5. The first installment, in the amount of $100,000, was due on 10/23/2019. *See* Doc 1, ¶¶ 15, 37-38; Doc 8, ¶¶ 15, 37-38.

6. Defendants did not pay any portion of the $100,000 due on 10/23/2019. *See* Doc 1, ¶ 39; Doc 8, ¶ 39.

[1] Hereinafter the Settlement Agreement and Promissory Note shall be referred to jointly as "Note"

7. Plaintiffs accelerated the note effective 11/20/2019.  *See* Doc 1, Complaint ¶ 15 and ¶¶ 37-38; Doc 8, Amended Answer ¶ ¶¶ 37-38; Doc 1-5, Notice of Acceleration.

8. Between 10/23/2019 and 11/20/2019, interest at the rate of 12% per year accrued on $100,000.  Doc 1, ¶ 15, Doc 8,  ¶ 15.

9. After 11/20/2019, the date of acceleration, interest began to accrue on the entire balance of the Note, $425,000.   Doc 1, ¶ 43; Doc 8, ¶ 43; Doc 1-5.

10. The prevailing party in this lawsuit shall collect attorney fees.  Doc 1, ¶ 44, Doc 8, ¶ 44; Doc 1-3 ¶ 9; Doc 1-4 ¶ 9.

11. Ronald Cobb personally guaranteed performance of the Note, including interest and attorney fees.  Doc 1, ¶¶ 16,17, 49; Doc 8, ¶¶ 16,17, 49; Doc 1-3, Cobb Guaranty.

12. Ronald Cobb is fully and individually liable for the performance of the Note. Paragraph 2 of the Cobb Guaranty, Doc. 1-3, states:

> " . . . this Guaranty shall be enforceable against Guarantor without the necessity of any suit or proceedings on Holder's part of any kind or nature whatsoever against Peter Ghishan or Land Strategies, LLC, . . ."

13. Peter Ghishan personally guaranteed performance of the Note, including interest and attorney fees. Doc 1, ¶¶ 18, 19, 55; Doc 8, ¶¶ 18, 19, 55; Doc 1-4, Ghishan Guaranty.

14. Peter Ghishan is fully and individually liable for the performance of the Note.  Paragraph 2 of the Ghishan Guaranty, Doc. 1-4, provides:

" . . . this Guaranty shall be enforceable against Guarantor without the necessity of any suit or proceedings on Holder's part of any kind or nature whatsoever against Ronald Cobb or Land Strategies, LLC, . . ."

15. Land Strategies, Ghishan and Cobb breached the Note and Personal Guarantees and have not paid any amount due. Doc 1, ¶ 39; Doc 8, ¶ 39.

16. The Settlement Agreement required Defendants to assume invoices payable to Axiom Accounting and Arete Engineering. Doc 1, Complaint ¶¶ 13 and 21-25; Amended Answer, Doc 8 ¶¶ 13 and 21-25.

17. Defendants have failed to pay any amount to Plaintiffs, and have therefore breached their duties to pay those invoices. *Id.*

## II.   Judgment should be entered under Rule 12(C).

### a.   Rule 12(c) Standard

Judgment may be entered when there are no material facts in dispute. *See* Fed. R. Civ. P. 12(c). The Complaint and Answer present no questions of fact on the questions of breach of contract, interest, and attorney fees, such that judgment should be entered. Therefore Judgment should be entered for the full amount of the Note, plus interest, attorney fees and costs thereon.

### b.   Joint And Several Liability

Defendants each personally guaranteed the Note, plus interest and attorney fees, and costs thereon, and are therefore each individually liable for all damages entered by the Court. The personal guarantees required Defendant Ghishan and Defendant Cobb to pay the full amount of the Note, plus interest and attorney fees thereon, in the event of any other Defendant failed to pay. Doc 1, ¶¶ 16,17, 18, 19,

49 55; Doc 8, ¶¶ 16, 17, 18, 19, 49, 55, Doc 1-3; Doc 1-4. Therefore,  judgment should be entered jointly and severally against each of the Defendants.

## III.   Damages

### a.  Principal Balance of Contract/Personal Guarantees

It is undisputed the face amount of the Note is $425,000. *See* Doc 1 ¶¶ 12-15; Doc 8, ¶¶ 12-15; Doc 1-1; Doc 1-2.

### b.  Interest Before Acceleration

Defendants' first installment payment of $100,000 was due on 10/23/2019. From 10/23/2019 until 11/20/2019 (the date the Note was accelerated), interest accrued on $100,000 only.  The Note included a 15 day notice period before it could be accelerated.  After the initial breach, Plaintiffs complied with the notice period (including a few extra days), and accelerated the note effective 11/20/2019. See Doc 1-5.

Interest before acceleration, from 10/23/2019 through 11/20/2019, is the product of the interest rate (12%) times the first installment amount ($100,000) divided by the number of days in the year (365), multiplied by the number of days between 11/23/2019 through 11/20/2019 (29 days).

Therefore, interest before acceleration, from 10/23/2019 through 11/20/2019, is equal to (12% x $100,000 ÷ 365)  x 29 days =  $953.44.

### c. Interest After Acceleration

On 11/20/2019, the effective date of acceleration, interest began to accrue on the full unpaid balance of $425,000. Starting from 11/20/2019, interest now accrues at a daily amount of $139.73 (12% x $425,000 ÷ 365 = $139.73).

### d. Post Judgment Interest

In New Mexico, post judgment interest is calculated at the contract rate, or at 15% if the judgment is the result of bad faith or intentional or willful acts. *See* New Mexico Stat. Ann. 56-8-4 A.

### e. Attorney Fees and Costs

Because the Note and Guarantees provides for attorney fees and costs, the Court should order Plaintiffs to submit a cost bill so that attorney fees and costs may be awarded to Plaintiffs.

## IV.   Injunctive Relief

The Settlement Agreement required Defendants to satisfy two invoices from Axiom Accounting and Arete Engineering. Defendants have failed to satisfy those invoices. Doc 1, Complaint ¶¶ 13 and 21-25; Amended Answer, Doc 8  ¶¶ 13 and 21-25. Defendants admit they are liable for the invoices. Defendants should be ordered to satisfy the invoices. Alternatively, judgment should be entered against Defendants in the full amount of those invoices, so that Plaintiffs may satisfy the invoices.

## V.    Punitive Damages

Unless the Court finds litigation conduct interposed for delay in violation of Rule 11 of the Federal Rules of Civil Procedure, there is currently insufficient admission on the part of the Defendants to allow the Court to enter an award of punitive damages.  On the condition precedent that either (i) the Court grants this motion, or (ii) the Defendants stipulate to this motion, Plaintiffs will waive the claims for punitive damages related to willful breach of contract.

For purposes of any trial or evidentiary hearing, Plaintiffs maintain, and do not waive their right to proffer evidence that (i) Defendants intentionally and willfully violated a court approved settlement, and (ii) Defendants' primary purpose for engaging counsel to defend this action was to cause delay.

## VI.    Post Judgment Discovery

Plaintiffs intend to serve written discovery, and have asked to schedule depositions in June of 2020.  Pursuant to Fed R. Civ P. 69, Defendants should be ordered to answer the discovery notwithstanding the judgment, and the Court should allow post judgment discovery so that Plaintiffs may attach the judgment to Defendants' assets.

WHEREFORE, plaintiff respectfully requests judgment as follows:

1. Judgement against Land Strategies, Peter Ghishan and Ronald Cobb, individually and jointly and severally in the principal amount of $425,000, plus pre judgment Interest in the amount of $953.44 plus $139 per day from 11/20/2019 until the date the judgment is entered.

2. Post judgment interest in the amount of $139 per day until the date the judgment is satisfied.

3. Defendants Land Strategies, LLC, Peter Ghishan, and Ronald Cobb are ordered to satisfy the Axiom Accounting and Arete Engineering invoices on or before a date to be determined by the court.

4. Plaintiffs shall submit a cost bill on or before a date to be determined by the court.

5. Pursuant to Rule 69, Plaintiffs may take Post judgment discovery.

Respectfully submitted,

By: */s/ Deborah R. Stambaugh*
Deborah R. Stambaugh
PO Box 403
Wynnewood, PA 19096
(505) 980-4300
deb@stambaugh.law
*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2020, the forgoing pleading was served to all parties via the Court's electronic filing system.

By: */s/ Deborah R. Stambaugh*