IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ALPHA ALPHA, LLC and AVALON JUBILEE, LLC,<br><br>      Plaintiffs,<br><br>vs.<br><br>LAND STRATEGIES, LLC, RONALD R. COBB and PETER GHISHAN,<br><br>      Defendants. | Case No: 20-CV-0117-NF-KHR |

## ORDER GRANTING MOTION TO STAY

    This matter is before the Court on Plaintiffs' unopposed motion to stay. ECF No. 17. The parties request a six month stay of the entry of a judgment on Plaintiffs' motion for judgment on the pleadings, ECF No. 14, as amended by Plaintiffs' notice in ECF No. 15. Defendants appear to concede that motion on the assumption that the parties would subsequently agree upon a stipulated judgment. ECF No. 16.

    But the parties have not yet agreed upon a stipulated judgment, apparently because Defendants later concluded a judgment in this case would constitute an event of default on their mortgage loans in unrelated real estate transactions. Defendants believe the other transactions will otherwise be profitable to them, and the financial status of those transactions is apparently a factor in Defendants' ability to pay Plaintiffs on the underlying settlement agreement that is at issue here. The parties therefore agreed to instead seek a stay of judgment in this case until December 16, 2020 to allow Defendants to make monthly

installment payments to Plaintiffs and to determine how to satisfy their remaining obligations to Plaintiffs by the end of that time period.

Plaintiffs note the standard for a stay of litigation requires the Court to find that the interests of judicial economy weigh in favor of a stay and are not outweighed by potential prejudice to a party, citing *Avants v. Prospect Mortg., LLC*, 13cv0376 WJ/KBM, 2013 WL 11826548 (D.N.M. Oct. 9, 2013) and *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). Here, none of the parties argue they would be prejudiced by the requested stay, and the only question is whether the interests of judicial economy favor it. "While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings for a brief period pending a possible settlement that could resolve this matter in its entirety." *Richter v. City of Commerce City*, No. 15-CV-01826-MEH, 2016 WL 9738099, at *1 (D. Colo. June 3, 2016). Courts in this District have at times exercised their discretion to stay all pretrial deadlines pending settlement negotiations. *See, e.g., Scull v. Management & Training Corp.,* Civ. 11-0207 JB/RHS, 2013 WL 1897808, at *3 (D.N.M. April 12, 2013) (reflecting a stay of at least three months).

The Court finds that in light of the parties' agreement and the circumstances, a six month stay of the pretrial deadlines is in the interest of justice. Plaintiffs essentially believe they have a better chance of ultimate recovery by agreeing to postpone the bulk of Defendants' obligations to them for six months than they would if they obtain judgment and pursue collection immediately. If the parties resolve the case by settlement, this would

obviate the need for the Court to rule on the merits and to supervise post-judgment discovery in aid of collection.

Accordingly, the Court GRANTS the motion to stay all deadlines until December 16, 2020. The dates for the final pretrial conference and trial shall remain as currently set, and as the Court noted in its initial pretrial order, those dates are firm absent unforeseen circumstances. Plaintiffs shall submit either a notice of settlement agreement or a form of judgment or notice of settlement on or before December 16, 2020. If Plaintiffs submit a form of judgment, any bill of costs and motion for attorney fees shall be filed on or before January 5, 2021.

The motion for judgment on the pleadings (ECF No. 14) is DENIED without prejudice to prompt refiling if Plaintiffs seek to lift the stay in the meanwhile or if the parties ultimately do not settle the case by December 16, 2020.

IT IS SO ORDERED this 5th day of June, 2020.

_____  
NANCY D. FREUDENTHAL  
UNITED STATES DISTRICT JUDGE